[No. B169468. Second Dist., Div. Four. Oct. 25, 2004.]

SAGI PLUMBING, Plaintiff and Appellant, v.
CHARTERED CONSTRUCTION CORPORATION, Defendant and
Respondent.

444

## COUNSEL

Betty S. Chain for Plaintiff and Appellant.

Irsfeld, Irsfeld & Younger, Kathryn E. Van Houten and C. Phillip Jackson for Defendant and Respondent.

## OPINION

**HASTINGS, J.—**

### INTRODUCTION

Appellant Sagi Plumbing is a plumbing contractor. Respondent Chartered Construction Corporation is a general contractor. Respondent hired appellant

to work as a subcontractor on several projects. Appellant filed suit against respondent for breach of contract based on respondent's failure to pay on three unrelated projects. The parties agreed to bifurcate the action and to try first the cause of action arising out of one project. After that trial was completed, appellant did nothing to bring the other causes of action to trial other than to file a notice of trial and attend a status conference. The trial court granted respondent's motion to dismiss the two remaining causes of action based upon appellant's failure to bring them to trial within five years. (Code Civ. Proc., § 583.310.)[1]

■ On this appeal, the issue is whether there was a partial trial of the lawsuit for purposes of the five-year statute because trial had been conducted on the one unrelated cause of action. We conclude that the first trial did not constitute a trial for the purposes of the remaining causes of action because each concerned a different and unrelated construction project. We also find that no theory of "tolling" can excuse appellant's failure to bring the two causes of action to trial within five years. We therefore affirm the order of dismissal.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 19, 1996, appellant filed suit against respondent for breach of contract. Appellant alleged three separate causes of action based upon different construction projects: the Hollywood Bowl project, the Inglewood High School project, and the Torrance High School project.

On June 16, 1997, the parties filed a stipulation that their case was related to and now consolidated with several other lawsuits filed against respondent by, inter alia, other subcontractors who had worked on the Hollywood Bowl project. The stipulation recites: "Each of the aforementioned actions involves common questions of law and fact, and separate proceedings would involve duplication of effort by the court and the parties involved." The lead case in the consolidated action was the lawsuit filed by Ho-Bo Engineering, Inc., against respondent.

In March 2001, the superior court appointed a referee to hear evidence and make a report on various issues in the consolidated action. (§ 639.) The parties stipulated that the five-year statute would be tolled "for the period March 5, 2001, through the date of referee's final report."

On January 7, 2002, the referee filed his report.

On February 20, 2002, the parties executed a stipulation "to bifurcate" the two causes of action arising out of the Inglewood High School and Torrance

---

[1] All subsequent statutory references are to the Code of Civil Procedure.

High School projects "from the remainder of this consolidated action." They further stipulated that the two causes of action "may be tried after the remainder of this action and by bench trial."

On March 5, 2002, trial commenced in the consolidated action. Trial concluded on June 11, 2002.

On September 25, 2002, the parties executed a stipulation which reads: "WHEREAS it has already been ordered by the Court upon stipulation of [the parties] that the second and third causes of action of the complaint . . . are bifurcated from the remainder of this consolidated action; and, [¶] *WHEREAS the remaining portions of this consolidated case have been tried* and judgment is to be entered; the parties to this stipulation further agree and stipulate that the second and third causes of action of the Sagi Plumbing action may be severed from the remainder of this action and tried separately." At the subsequent hearing on the motion to dismiss, counsel for appellant gave this explanation for the severance: "After the main case [regarding the Hollywood Bowl project] went to verdict, the judgment—trying to get a judgment entered—but my part of the case prevented a judgment from being entered, and as a convenience to [respondent], the other parties, it was severed and set for a further trial date, a continued trial date."

On October 22, 2002, the court ordered severance pursuant to the parties' stipulation.

On October 30, 2002, appellant filed notice of trial.

On March 18, 2003, appellant attended a status conference. Trial on the two severed causes of action was set for July 29, 2003.

On June 10, 2003, respondent moved to dismiss for failure to commence trial within five years. In light of the parties' March 2001 stipulation that the five-year statute would be tolled during the reference, the period to commence trial had expired in October 2002.

Appellant's opposition urged that trial had commenced within five years because trial on the consolidated action arising out of the Hollywood Bowl project began in March 2002 before the two causes of action were formally severed from the lawsuit. Appellant offered no explanation as to why it had not yet commenced trial on those two causes of action. In particular,

appellant did not argue it had been impossible, impractical or futile to commence trial.

The trial court granted the motion to dismiss. Its minute order states: "Plaintiff has provided no authority for the argument that a bifurcated proceeding on separate causes of action for separate construction projects survives the five-year rule under Code of Civil Procedure Section 583.310. There is no showing, either, that the prosecution of these claims was tolled, stayed or otherwise rendered impossible, impractical or futile."

## DISCUSSION

Section 583.310 provides: "An action shall be brought to trial within five years after the action is commenced against the defendant." Section 583.360, subdivision (a) provides: "An action shall be dismissed by the court . . . on motion of the defendant . . . if the action is not brought to trial within the time prescribed in this article." The statute serves to "prevent[] prosecution of stale claims where defendants could be prejudiced by loss of evidence and diminished memories of witnesses [and] to protect defendants from the annoyance of having unmeritorious claims against them unresolved for unreasonable periods of time. [Citations.]" (*Lewis v. Superior Court* (1985) 175 Cal.App.3d 366, 375 [220 Cal.Rptr. 594].)

"In reviewing the lower court's dismissal of [an] action for failure to prosecute, the burden is on appellant to establish an abuse of discretion. [Citation.] We will not substitute our opinion for that of the trial court unless a clear case of abuse is shown and unless there is a miscarriage of justice. [Citation.]" (*Mitchell v. Frank R. Howard Memorial Hospital* (1992) 6 Cal.App.4th 1396, 1402 [8 Cal.Rptr.2d 521].)

Appellant's opening brief frames the issue as follows: "The issue here is not whether trial was impossible, impracticable or futile, but whether a trial actually commenced." Appellant therefore adheres to the position it advanced in the trial court: the five-year statute was satisfied when trial commenced on March 5, 2002, on the consolidated Hollywood Bowl action. Consistent with that approach, appellant concedes that the February 2002 bifurcation "did not in itself toll the five year statute. [Appellant] still was required to proceed within five years[.]" "[T]he commencement of trial of the Hollywood Bowl cases" satisfied the statute. In a similar vein, appellant states that the October 2002 severance "had no effect on the five year statute, since it was already satisfied [by the March 2002 commencement of trial]."[2]

---

[2] Pursuant to our request, the parties filed letter briefs addressing several issues.

■ Trial has commenced within the meaning of the five-year statute if there has been a determination of any contested issue of fact or law that brings the action to the stage where a final disposition can be made. (*Lemaire, Faunce & Katznelson v. Cox* (1985) 171 Cal.App.3d 297, 301 [217 Cal.Rptr. 281].)

*In re Marriage of MacFarlane & Lang* (1992) 8 Cal.App.4th 247 [10 Cal.Rptr.2d 157] is instructive on the question of whether in a bifurcated proceeding trial has commenced within the meaning of the five-year statute. The case was a marital dissolution action. The husband moved to bifurcate the proceedings and for judgment on the issue of dissolving the marriage. The court granted the motion to bifurcate. After the parties presented evidence, the court ordered termination of the marriage and reserved jurisdiction over all other issues. (*Id.* at pp. 250–251.) Thereafter, the court conducted a contested evidentiary proceeding on and decided two of the major issues of property characterization over which it had reserved jurisdiction. (*Id.* at pp. 251, 254–255.) Five years after the wife had filed the petition to dissolve the marriage, the husband moved to dismiss the petition for failure to bring the matter to trial within five years. The trial court granted the motion and the wife appealed. (*Id.* at p. 251.)

■ The Court of Appeal reversed. It found that even though issues still remained to be litigated and decided in the petition, trial had commenced because the court had conducted a partial trial on contested factual issues that were pertinent to resolving the outstanding issues. The appellate court relied upon *Patapoff v. City of Los Angeles* (1959) 171 Cal.App.2d 635 [342 P.2d 428] for the proposition that in some circumstances a partial trial can satisfy the statutory mandate. Because *Patapoff* is analogous to this case, we set forth the summary of it found in *In re Marriage of MacFarlane & Lang*.

"In *Patapoff*, plaintiffs sued the City of Los Angeles for property damage and trespass. The trial court consolidated the case with a separate action by the Schworers involving the ownership of the same property at issue in plaintiffs' action. The trial court subsequently ordered that trial of plaintiffs' action follow trial of the Schworers' action, received evidence and testimony regarding the latter action, rendered a decision in it determining plaintiffs' interest in the property, and then declared a mistrial. [Citation.] On these facts, the appellate court reversed a dismissal of plaintiffs' action under the five-year statute, finding there had been a partial trial. It explained: 'One of the issues to be proved in an action for trespass and damage to real property is the interest of the plaintiff in that property. *Consequently, the determination in [the Schworers' action] of the extent of the interest of Patapoff in the real*

*property involved in both actions constituted a partial trial of the instant action . . . . [Citations.]' [Citation.]" (In re Marriage of MacFarlane & Lang, supra, 8 Cal.App.4th at p. 254, italics added.)*

Here, on the other hand, none of the issues determined in the Hollywood Bowl action related to any of the issues to be tried in the causes of action based upon the Inglewood and Torrance High School projects. Resolution of the Hollywood Bowl action did nothing to resolve any of the issues in those two causes of action. Consequently, we reject appellant's argument that the trial of the Hollywood Bowl action constituted a partial trial of the remaining two causes of action.

Our conclusion is consistent with the policy concerns articulated by the court in *In re Marriage of MacFarlane & Lang*, when it held that a partial trial on the bifurcated issues rendered the five-year statute inapplicable. It reasoned that its conclusion was "consistent with the policies that encourage parties in a dissolution action to bifurcate trial. [Citation.] The 'most beneficial use' of bifurcation 'is to help the parties by resolving a pivotal issue which has to be tried, with the expectation the parties will then be able to resolve all remaining disputed issues by agreement.' [Citation.] The determination of particular issues through bifurcation also may simplify or determine other issues. [Citation.] A ruling that, notwithstanding the partial trial of the issues, a dissolution proceeding was still vulnerable to the five-year statute would discourage the petitioner in a dissolution proceeding from agreeing to bifurcation, thus eliminating these potential benefits. It would also subvert the purpose of bifurcation—to assist expeditious resolution of cases—by enabling crafty respondents to use bifurcation as a trap for cooperative petitioners who agree to bifurcated trials in a good faith effort to resolve litigation." *(In re Marriage of MacFarlane & Lang, supra,* 8 Cal.App.4th at p. 257, fn. omitted.)

This case does not implicate those concerns. The issues determined in the consolidated Hollywood Bowl action were not relevant to the remaining two causes of action, a point appellant concedes.[3] Consequently, the bifurcation could not simplify or expedite their resolution. As the trial court noted at the hearing on the motion to dismiss, this was not an instance in which an action had been bifurcated to try liability before damages. In that instance, the trial of the first phase would constitute commencement of trial for purposes of the five-year statute because a finding on liability is a predicate to assessing

[3] Appellant's letter brief states: "The second and third causes of action . . . involved two completely different projects."

damages. Here, instead, the bifurcation had another benefit. It merely simplified the issues to be decided in the first trial by focusing solely on the Hollywood Bowl project. As for the concern that a "crafty respondent" could use a bifurcation as a trap for its opponent, we note that appellant has never claimed that respondent misled it into agreeing to the bifurcation. Consequently, the bifurcation did not relieve appellant of its obligation to diligently prosecute the two other causes of action and to bring them to trial within five years. A different conclusion would be contrary to "the substantial and important policy in California requiring the expeditious resolution of litigation." (*Mitchell v. Frank R. Howard Memorial Hospital, supra,* 6 Cal.App.4th at p. 1404.) In this regard, we agree with following policy argument made by respondent: "Under the permissive joinder statute, [section] 427.10, appellant was able to include its three separate, unrelated claims, in one case. Statutes designed for judicial economy should not be used to tie unrelated actions, then give litigants unlimited time to bring stale claims to trial more than five years later."

Because trial on the consolidated Hollywood Bowl action did not constitute commencement of trial on the remaining two causes of action, we must determine when the five-year period to bring them to trial expired. Taking into account the period in which the parties agreed the five-year period would be tolled while the court-appointed referee handled the matter, the time in which to commence trial on the two remaining causes of action expired in October 2002. Based upon that date, the trial court did not abuse its discretion when it granted the motion to dismiss in July 2003.

However, appellant's letter brief (see fn. 2, *ante*) states it was "impractical to proceed with the remaining two causes of action" during the three-month trial on the consolidated Hollywood Bowl action so that "[a]rguably, those factors alone . . . rendered the trial of [the two] remaining causes of action impractical [and therefore] tolled the five year statute." Respondent first urges that appellant's failure to raise this fact-driven argument in the trial court should preclude appellate consideration of it, but then states: "[E]ven assuming 'impracticability' ran from the commencement of trial, March 5, all the way to October 22 [when the court formally severed the two causes of action], . . . this extended the five-year statute to June 11, 2003" but appellant did not get its case to trial by then. Respondent also notes that even were we to consider as "tolled" the period of time from the bifurcation to the severance, "the deadline to bring the case to trial was June 24, 2003" and appellant did not commence trial by then. In other words, no permutation of any tolling argument will assist appellant.

We therefore conclude that the trial court did not abuse its discretion on July 10, 2003, when it granted respondent's motion to dismiss.

## DISPOSITION

The judgment (order of dismissal) is affirmed.

Curry, J., concurred.

**EPSTEIN, P. J.**—I respectfully dissent from the opinion of my colleagues that plaintiff's suit was properly dismissed for failure to bring the action to trial within five years. (Code Civ. Proc., § 583.310; all further statutory citations are to that code.)

The procedural history of the case is fully described in the majority opinion. For purposes of this discussion, it is sufficient to summarize that the plaintiff was a subcontractor to respondent, the general contractor, on three separate projects, and sued respondent for breach of contract on each of them. His suit was in three causes of action, one for each project. The litigation over one of them, the Hollywood Bowl project, was complicated by the existence of several other claims by other parties. All of the Hollywood Bowl lawsuits against respondent were consolidated for trial. Appellant's action against respondent was bifurcated, with the cause of action based on the Hollywood Bowl project to be tried first, together with the other suits involving that project. The other two causes of action, now bifurcated from the first, were to be tried later. After trial was completed in the Hollywood Bowl litigation, appellant agreed to sever his remaining causes of action so that a final judgment could be entered on the Hollywood Bowl job, and that was done.

If the period for appellant to get his case to trial is measured from when it filed its lawsuit until the beginning of trial on the Hollywood Bowl phase of the case, the five-year period was not exceeded. (The time was tolled while the matter was in a court-ordered reference.) But if trial of its lawsuit did not begin upon commencement of trial of the Hollywood Bowl cause of action, the action is indeed barred. That was the view taken by the trial court, which granted respondent's motion to dismiss.

Neither side has cited a case on all fours with this issue. My colleagues distinguish cases that are factually close, *In re Marriage of MacFarlane and Lang* (1992) 8 Cal.App.4th 247 [10 Cal.Rptr.2d 157], and *Patapoff v. City of Los Angeles* (1959) 171 Cal.App.2d 635 [342 P.2d 428]. Each involved bifurcation. The distinction is that, for each, some aspect of the issue tried first bore on the remaining aspects of the case, a circumstance not present here.

The key provision is section 583.360, which, in its first subdivision, provides that "An action shall be dismissed . . . if the action is not brought to

trial within the time prescribed in this article," referring to the speedy trial provisions. "Action" is not defined in the article. (Cf. § 30, which provides that a "civil action is prosecuted by one party against another for the declaration, enforcement or protection of a right, or the redress or prevention of a wrong.")

The question comes down to whether, when a party files a lawsuit comprised of several causes of action, unrelated except that they are against the same defendant, the "action" is the lawsuit, or whether there are several "actions." The common sense meaning of the term is that a plaintiff's "action" is its lawsuit, not each of the component parts of the suit. No authority to the contrary is cited. In this case, there was one lawsuit and hence one "action," regardless of the number of causes of action included in the suit. The causes of action were bifurcated, but they were not severed until after the Hollywood Bowl phase. Bifurcation is not severance. Thus, appellant's "action" was brought to trial when the cause of action selected to be tried first came to trial.

Were this not the case, operation of the five-year statute would depend on fine distinctions whether the cause of action first tried had some impact on those not yet tried. If it did, but only then, all would be considered to have been brought to trial within the five-year period. Otherwise, except for tolling because of impracticality or impossibility to bring the other causes of action to trial until trial of the first was completed (see § 583.340, subd. (c)), the time would run. That is a regime rife with opportunities for mischief, and one which would discourage counsel and courts from managing cases such as this by bifurcation.

The majority suggest that if appellant's case came to trial when trial commenced on its first cause of action, there would be no limitation for the other causes of action, so the case could drag on indefinitely if it were appellant's desire to delay it. But if a plaintiff is not diligent in bringing its other causes of action to trial after one of them has been tried, the defendant's remedy is to move for dismissal under the diligent prosecution statute, section 583.130. Dismissal could follow if the trial court is convinced that the plaintiff indeed failed to act with reasonable diligence in bringing its case to trial.

For these reasons, I would reverse the judgment (order of dismissal), without prejudice to the right of respondent to move for dismissal under section 583.130.

On November 10, 2004, the opinion was modified to read as printed above.