[Civ. No. 10085.   Third Dist.   June 5, 1961.]

MANUEL LOPES et al., Appellants, v. CAPITAL COM-
PANY (a Corporation) et al., Respondents.

Anthony J. Kennedy and Carl Kuchman for Appellants.

Mortimer A. Kline, John F. Downey, Downey, Brand, Seymour & Rohwer and Devlin, Diepenbrock & Wulff for Respondents.

WARNE, J. pro tem.*—Appellants have appealed from a summary judgment in favor of the respondent, Capital Company, a corporation, and also from a summary judgment in favor of the respondent, Honolulu Oil Corporation.

Appellants, as plaintiffs, brought this action against the respondents and others for a declaration of rights and obligations under a deed to farm lands owned by them that reserved all oil, gas and mineral rights in the grantor, respondent Capital Company, and which rights were under lease to the respondent Honolulu Oil Corporation.

The complaint alleged four causes of action. The first cause of action, in substance, alleges that on January 7, 1954, the Capital Company was the owner in fee simple of certain farm lands; that on said date for a valuable consideration it deeded the lands to the appellants, excepting and reserving to itself from the grant the oil, gas and other hydrocarbons and mineral rights, together with incidental easements and rights necessary for the production and transportation of such oil and gas, all upon the condition that the Capital Company should compensate appellants for (1) damage done in the exercise of the reservation to the surface of the lands and improvements; (2) the value of the lands taken; and (3) any injuries suffered through prevention of farming. It was alleged that Honolulu Oil Corporation was the lessee of the oil, gas and mineral rights from Capital Company. The first cause of action then alleged as follows: a series of entries and takings by the lessee under the gas and oil rights reservation and its interference with appellants' farming operations; that there had been no compensation paid the appellants except for crop losses which occurred prior to October 1956; that the respondents have repudiated the conditions the deed placed upon the gas, oil and mineral rights reservation; that an actual controversy existed between the appellants and the respondents as to the meaning of the terms and provisions of the grant deed, to wit: appellants claimed that the reservation of the respondent Capital Company automatically terminated upon its failure to compensate appellants and that they are the owners in fee simple absolute of the real property involved, including the oil, gas and mineral rights, and are

*Assigned by Chairman of Judicial Council.

therefore entitled to any and all rents and royalties from the lessee. Whereas, on the other hand, respondents contend that the reserved remainder of the oil, gas and mineral rights continued to exist until terminated by judgment and that respondent Capital Company is entitled to any rents and royalties for oil and gas extracted from the lands. Declaratory relief is requested defining the rights of the parties and declaring that appellants as owners of the fee are entitled to all rents and royalties from the Honolulu Oil Corporation.

The second cause of action seeks to quiet title to the oil, gas and other hydrocarbons and mineral rights by reason of the asserted breach alleged in the first cause of action.

The third cause of action is one against the Capital Company alone to recover damages for the failure to compensate appellants for land taken, crops destroyed, and interference with farming.

The fourth cause of action seeks an accounting of oil and gas royalties paid by Honolulu Oil Corporation to the Capital Company in the event that the declaration should be that the exception or reservation in the grant deed terminated by reason of its breach.

Respondents made separate motions for summary judgment under the provisions of section 437c of the Code of Civil Procedure on the ground that there was no merit to the actions as there are no triable issues of fact. The motions were supported by affidavits. From the averments in the affidavits it appears that the respondent Capital Company executed a lease of the oil, gas and mineral rights to respondent Honolulu Oil Corporation; that the lease was amended in 1943 and recorded; that subsequently, in 1944, Capital Company deeded the lands in controversy to the appellants subject to the lease.

Pursuant to the motion of Capital Company the trial court granted summary judgment as to the first, second and fourth causes of action. A stipulation was entered into between the Capital Company and the appellants that the appellants would not seek to dismiss the judgment or urge its invalidity on the ground that said judgment does not cover all of the alleged causes of action against the Capital Company, nor on the ground that there are other matters pending and unresolved between appellants and Capital Company in the same action.

As to Honolulu Oil Corporation, its motion was granted as to the first three causes of action, which are the only causes of action alleged against that defendant.

Neither in the briefs filed prior to the oral argument nor upon oral argument on appeal was there any discussion as to whether there was a final judgment from which an appeal could be taken under the provisions of section 963 of the Code of Civil Procedure. However, deeming there was a grave question as to appealability, this court requested counsel for the respective parties to file points and authorities addressed to that question. Counsel for Honolulu Oil Corporation and counsel for appellants both contend that the judgment in favor of Honolulu Oil Corporation is a final judgment within the meaning of section 963 of the Code of Civil Procedure as the judgment operates to adjudicate the only causes of action alleged against that respondent. We do not agree.

It is apparent that the judgment entered in favor of Capital Company is not a final judgment and therefore is not appealable under the provisions of section 963 of the Code of Civil Procedure. It left for future determination the question of liability for damages alleged in the third cause of action. As stated by this court in *McCarty* v. *Macy & Co.,* 153 Cal. App.2d 837, 840 [315 P.2d 383] (hearing denied by the Supreme Court) :

"The rule has long been well settled that there can be but one final judgment in an action regardless of how many counts the complaint contains or how many issues of law or fact are presented. The purpose of this rule is to prevent piecemeal decisions and multiple appeals. [██ As stated in *de Valley* v. *Kendall de Valley O. Co., Ltd.,* 220 Cal. 742, at page 745 [32 P.2d 638] :

" 'Although the matter is not mentioned by counsel for either side, it appears that the court should not have given a judgment herein until the final disposition of the entire cause. The law contemplates but one final judgment in a cause. As stated in the case of *Nolan* v. *Smith,* 137 Cal. 360, 361 [70 P. 166], quoting from *Stockton etc. Works* v. *Glens Falls Ins. Co.,* 98 Cal. 577 [33 P. 633] : "There can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it was entered, and finally determines the rights of the parties in relation to the matter in controversy. (Citing authority.)" . . .' " (See also *Murphy* v. *Fong Shuck,* 151 Cal.App.2d 64 [311 P.2d 80] ; *Mather* v. *Mather,* 5 Cal.2d 617 [55 P.2d 1174] ; *Greenfield* v. *Mather,* 14 Cal.2d 228 [93 P.2d 100] ; *Crofoot* v. *Crofoot,* 132 Cal.App.2d 794 [283 P.2d 283].)

██ The stipulation entered into between Capital Com-

pany and the appellants that the appellants would not seek to dismiss the judgment or urge its invalidity because it did not cover all of the alleged causes of action against Capital Company conferred no jurisdiction on this court to entertain the appeal. ▪ Appellate jurisdiction is derived solely from the Constitution or statutes. It cannot be conferred on a court by consent or stipulation of the parties. (3 Cal.Jur.2d 411.)

▪ While it might be contended that the judgment dismissing the only three causes of action specifically against the Honolulu Oil Corporation is a final judgment (*Howe* v. *Key System Transit Co.*, 198 Cal. 525 [246 P. 39]; 3 Witkin, California Procedure, Appeal, § 12, p. 2153), it is clear from the record that it was not intended to be such by the trial court, as in its order granting a motion for summary judgment the trial court specifically provided that the order should not be so construed as to preclude appellants from proceeding against Honolulu Oil Corporation on any obligation found in any provisions of the lease. We quote that part of the order:

"In connection with this motion it should be noted that the complaint is founded in its entirety on the deed from Capital Company to plaintiffs which is in part incorporated in the complaint and which is set forth in full in the affidavits on file and that said complaint does not appear to be based upon any provision in the lease from Capital to Honolulu Oil Corporation incorporated in the affidavit of George B. Fry in support of Honolulu Oil Corporation's motion. It may be that under said lease wherein it is provided that 'Lessee shall conduct its operations in such manner as not to unreasonably interfere with the rights reserved to Lessors hereby' plaintiffs have a cause of action against the lessee Honolulu Oil Corporation. This order granting the motion for a summary judgment shall not, therefore, be so construed as to preclude plaintiffs from pursuing such right, if any they have. Neither should this order be so construed as to preclude plaintiffs from proceeding against Honolulu Oil Corporation for any tortious conduct committed by defendant on said property, if there be such conduct."

It is thus quite clear that until the issue of damages had been disposed of there was to be no final judgment. Further, the first and second causes of action asked for a determination of the rights between the parties, and this required a determination as to whom Honolulu Oil Corporation should pay the rent in the future. It would be inconsistent to say

that this question has been finally adjudicated as to Honolulu Oil Corporation but not as to the Capital Company. These issues are inextricably connected, hence the judgment as to the Honolulu Oil Corporation is not collateral to the main action as the judgment was in the Howe case, *supra*. Nor is this a case where a several judgment is proper under sections 578 and 579 of the Code of Civil Procedure.

We conclude that the summary judgments in question do not constitute a final determination of the rights of the parties in relation to the matters in controversy, are not appealable, and the appeals must be dismissed.

It is ordered that both appeals be dismissed.

Van Dyke, P. J., and Peek, J., concurred.