[Civ. No. 12221. Third Dist. Sept. 18, 1970.]

WALTER L. KING, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

## COUNSEL

Watt & Leverenz and Reginald M. Watt for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, Hubert O. Bower and Lloyd Hinkelman, Deputy Attorneys General, for Defendants and Respondents.

## OPINION

**FRIEDMAN, J.**—The trial court entered a judgment dismissing the action pursuant to Code of Civil Procedure section 583, that is, for the plaintiff's failure to bring the action to trial within five years of its filing. Plaintiff appeals.

The action was filed October 10, 1963. On theories of negligence and inverse condemnation, it sought damages for the flooding of plaintiff's land allegedly caused by the negligent construction of a bridge and highway system by the State of California and Butte County. Some months later, on April 8, 1964, plaintiff filed an amended complaint, alleging that a levee, as well as the bridge and highway, caused the water damage. On July 25, 1966, the state filed an answer, alleging that .plaintiff's Board of Control claim was silent relative to damages caused by levee construction, also alleging a conveyance of flowage rights from plaintiff to the state. On May 18, 1967, in response to the state's motion, the court ordered entry of a partial summary judgment in favor of the state. The order rejected that part of plaintiff's action claiming levee-caused damages. The order was premised upon the facts that plaintiff had deeded flowage rights to the state and had failed to file a timely Board of Control claim for levee-caused damages.

Plaintiff did nothing to bring the lawsuit on for trial. On November 1, 1968, both the state and the county moved for dismissal under the five-year

provision of section 583.[1] There was no opposition to the motion. The judgment of dismissal was entered on November 19, 1968. At that point plaintiff filed this appeal.

■ A plaintiff has a duty to exercise diligence at every stage of the proceeding to expedite his case to a final determination. (*Bella Vista Dev. Co.* v. *Superior Court,* 223 Cal.App.2d 603, 614 [36 Cal.Rptr. 106].) ■ The provisions of Code of Civil Procedure section 583, calling for dismissal of an action not brought to trial within five years, are mandatory unless the plaintiff can bring his case within one of the statutory exceptions or one of the implied exceptions recognized by decisional law. (*Adams* v. *Superior Court,* 52 Cal.2d 867, 870 [345 P.2d 466].)

Plaintiff's briefs are devoted almost entirely to an argument that the trial court erred in ordering a partial summary judgment against him. ■ An order granting a motion for summary judgment, entire or partial, is a preliminary nonappealable order; appeal must be taken from the final judgment ultimately entered in the case. (*Swaffield* v. *Universal Ecsco Corp.,* 271 Cal. App.2d 147, 173-174 [76 Cal.Rptr. 680]; *Saunders* v. *New Capital for Small Businesses, Inc.,* 231 Cal.App.2d 324, 326 [41 Cal.Rptr. 703].) ■ There can be only one judgment in an action. (*de Vally* v. *Kendall etc. Co.,* 220 Cal. 742, 745-746 [32 P.2d 638]; *Lopes* v. *Capital Co.,* 192 Cal. App.2d 759, 762 [13 Cal.Rptr. 787].) ■ In the present lawsuit no summary judgment, partial or entire, was ever entered. The only judgment was the judgment of dismissal under section 583. That dismissal constituted the trial court's disposition of the entire lawsuit. Unless plaintiff discloses some error in that judgment of dismissal, he must lose his appeal.

The record does not show, nor do plaintiff's briefs make any attempt to show, any stipulation or other recognized justification for his failure to bring the case to trial within five years. His only toehold is the possibility that the hearing and disposition of the state's motion for a partial summary judgment was itself a "trial" within the meaning of section 583; thus, that the action was in fact brought to trial within the five-year period. There is no decision declaring the effect of an order for partial summary judgment on the running of the five-year dismissal period.

■ A "trial" within the meaning of section 583 is the determination of an issue of law or fact which brings the action to the stage where final disposition can be made. (*Berri* v. *Superior Court,* 43 Cal.2d 856, 859-860 [279 P.2d 8]; *California Ammonia Co.* v. *Macco Corp.,* 270 Cal.App.2d 429, 431-432 [75 Cal.Rptr. 753].) ■ Before 1965 the summary judgment

---

[1]The record does not include the county's answer to the amended complaint nor indicate whether the county, as well as the state, moved for partial summary judgment.

statute (Code Civ. Proc., § 437c) recognized a partial summary judgment for the plaintiff but not for the defendant. (*Saunders* v. *New Capital for Small Businesses, Inc., supra,* 231 Cal.App.2d at p. 333.) A 1965 amendment extended the availability of the partial summary judgment procedure to the defendant. In the pre-1965 condition of the statute several decisions considered whether a summary judgment proceeding tolled the five-year dismissal statute.

In *Southern Pacific Co.* v. *Seaboard Mills,* 207 Cal.App.2d 97, 101 [24 Cal.Rptr. 236], the court held that a summary judgment was a final determination of the action, constituting a "trial" for the purpose of section 583.[2] In *Ross* v. *George Pepperdine Foundation,* 174 Cal.App.2d 135, 140 [344 P.2d 368], the court held that a summary judgment in favor of one of several defendants was not a trial which tolled the five-year statute as to the other defendants.

Although it did not involve the five-year dismissal statute, this court's decision in *Lopes* v. *Capital Co., supra,* 192 Cal.App.2d 759, is illuminating. There the trial court entered a summary judgment in favor of the defendants covering three out of four counts in the plaintiff's complaint. We dismissed an appeal from the summary judgment, pointing out that there could be only one final judgment in the lawsuit; that the plaintiff could still proceed on the fourth count, and that no final disposition had occurred.

An analysis of the last paragraph of section 437c as amended in 1965 impels the conclusion that an order granting the defendant a partial summary judgment is not a final disposition.[3] The order granting the motion establishes a defense only to "so much" of the lawsuit as is specified; "severs" the rest of the action; permits the severed portion to go forward to disposi-

---

[2] At a later stage of the opinion in *Southern Pacific Co.* v. *Seaboard Mills, supra,* 207 Cal.App.2d at page 104, the court voiced the notion that the granting of a summary judgment motion (as distinguished from actual entry of the summary judgment) amounted to a trial. The statement was dictum, because the proceedings in the trial court had gone beyond the order granting the motion and had included actual entry of summary judgments. A similar dictum was voiced in *Bella Vista Dev. Co.* v. *Superior Court, supra,* 223 Cal.App.2d at pages 612-613. In neither case did the court observe the distinction between the preliminary, nonappealable order granting the motion for summary judgment and the final, appealable disposition which occurs when the summary judgment is actually entered. (*Saunders* v. *New Capital for Small Businesses, Inc.,* 231 Cal.App.2d at p. 326 [41 Cal.Rptr. 703]; *Lopes* v. *Capital Co., supra,* 192 Cal.App.2d at p. 762.)

[3] The last paragraph of Code of Civil Procedure, section 437c, provides: "If it appear that such defense applies only to a part of the plaintiff's claim, or that a good cause of action does not exist as to a part of the plaintiff's claim, or that any part of a claim is admitted or any part of a defense is conceded, the court shall, by order, so declare, and the claim or defense shall be deemed established as to so much thereof as is by such order declared and the cause of action may be severed accordingly, and the action may proceed as to the issues remaining between the parties. No judgment

tion by trial or other means; envisions a single judgment covering both that phase of the action affected by the summary judgment order and the phase not so affected; thus, by implication, permits an appeal only after the trial court enters a judgment disposing of the entire lawsuit. (*Swaffield* v. *Universal Ecsco Corp.*, 271 Cal.App.2d at pp. 173-174 [76 Cal.Rptr. 680].)

 In this case plaintiff's amended complaint tendered two severable issues of law and fact as grounds for a single damage judgment: (a) flood damage caused by a levee project and (b) flood damage caused by a bridge and highway project. The court's order granting a summary judgment as to the first of these issues did not prevent plaintiff from bringing the second issue on for trial. (See, e.g., *Murphy* v. *Kelly,* 137 Cal.App.2d 21, 32 [289 P.2d 565].) Trial court error, if any, in the order granting a partial summary judgment was irrelevant to plaintiff's failure to set the lawsuit for trial. Whether plaintiff won or lost on the second issue, an appealable judgment could have been entered reflecting the trial court's disposition of the first issue via the summary judgment proceeding and its disposition of the second by means of the trial. The order granting the state's motion for a partial summary judgment was not a trial of the action because it left the action short of the stage where final disposition could be made. Thus the trial court did not err in applying the mandatory dismissal statute.

Judgment affirmed.

Pierce, P. J., and Janes, J., concurred.

A petition for a rehearing was denied October 9, 1970.

---

shall be entered prior to the termination of such action but the judgment in such action shall, in addition to any matters determined in such action, award judgment as established by the proceedings herein provided for. A judgment entered under this section is an appealable judgment as in other cases."