8 Cal.App.4th 247 (1992)
10 Cal. Rptr.2d 157
In re the Marriage of JOY MACDONALD MACFARLANE and ARTHUR J. LANG.
JOY MACDONALD MACFARLANE, Appellant,
v.
ARTHUR J. LANG, Respondent.
Docket Nos. A055215, A055218.
Court of Appeals of California, First District, Division Three.
July 21, 1992.
*250 COUNSEL
Bernard N. Wolf, Hunt, Oliver & Berkov and M. Lee Hunt for Appellant.
Robert J. Cleek for Respondent.
OPINION
CHIN, J.
These consolidated appeals[1] arise from appellant Joy Macdonald Macfarlane's attempts to dissolve her marriage with respondent Arthur J. Lang. In action No. A055218, Macfarlane appeals after the denial of her motion to vacate an order dismissing her initial dissolution petition for failure to bring it to trial within five years. (Code Civ. Proc., §§ 583.310, 583.360.)[2] In action No. A055215, she appeals the granting of Lang's motion to quash in a second dissolution proceeding she filed after the dismissal of her first petition. We find that, because there was a partial trial of the initial petition, it was error to dismiss that petition under the five-year statute. Therefore, we reverse in action No. A055218. Our reversal of the dismissal of the initial petition moots the second petition and the appeal in action No. A055215. However, rather than simply dismiss that appeal, we reverse the order and remand with instructions to dismiss the second petition.

FACTUAL AND PROCEDURAL BACKGROUND
On October 11, 1985, Macfarlane filed a petition for dissolution of her 14-year marriage to Lang. Lang moved for bifurcation of the proceedings and for judgment on the issue of dissolution of marital status. On April 15, 1987, the court granted the motion and, after the parties presented evidence, *251 ordered termination of the marriage and reserved jurisdiction over all other issues. The accompanying judgment provided for termination "Forthwith."
Pursuant to its reservation of jurisdiction, the court, again at Lang's request, held separate hearings on two of the remaining issues. On November 8, 1988, the court took evidence, by declaration, on the issue of whether the parties had entered into a transmutation agreement and determined that they had not. On September 29, 1989, the court took evidence, by the sworn testimony of Macfarlane and Lang, regarding the validity of certain quitclaim deeds that Macfarlane had executed. It later rendered judgment on this issue. Macfarlane noticed an appeal from this judgment in February 1990, sought certification of probable cause for immediate appellate review, and filed an unsuccessful petition for writ of mandate and/or prohibition following the trial court's denial of her certification motion. We dismissed her appeal as being from a nonappealable interlocutory order.
On November 5, 1990, Lang moved under sections 583.310 and 583.360 for dismissal of the dissolution petition for failure to bring the matter to trial within five years. Superior Court Commissioner Shapiro heard the motion on December 11, 1990. On February 14, 1991, the court mailed the parties Commissioner Shapiro's unsigned minute order granting the motion. On April 10, Commissioner Shapiro filed a signed order of dismissal.
On May 8, 1991, Macfarlane filed a new petition for dissolution of marriage. Lang moved "to quash the proceeding and dismiss entirely with prejudice" on the ground that, by virtue of the April 1987 judgment terminating the parties' marital status, there was no marriage for the court to dissolve. At the initial hearing on the motion, Superior Court Commissioner Grove suggested that Commissioner Shapiro's previous dismissal was void for two reasons: (1) tolling during Macfarlane's appeal from the ruling on the validity of the quitclaim deeds; and (2) partial trial of property issues. Therefore, Commissioner Grove continued Lang's motion to quash to enable Macfarlane to move to vacate the prior dismissal.
Macfarlane thereafter moved under section 473 to vacate the order of dismissal as void, asserting the two grounds Commissioner Grove discussed. Commissioner Shapiro, however, did not reach the merits of these arguments because she concluded that (1) even if Macfarlane was correct, the dismissal was simply erroneous and not void, and (2) Macfarlane's failure to appeal from the dismissal was "fatal to her renewed request to set aside the Order of Dismissal." On September 5, 1991, Commissioner Shapiro filed a signed order denying the motion to vacate. Following this ruling, Macfarlane noticed her appeal in action No. A055218.
*252 The parties reappeared before Commissioner Grove for hearing on the motion to quash. She granted the motion, finding that Macfarlane could not initiate a new dissolution action because the court had already dissolved the marriage. On September 20, Commissioner Grove filed an order granting the motion to quash. In action No. A055215, Macfarlane appeals this order.

DISCUSSION

Scope of Appeal in Action No. A055218
Initially, we must determine the scope of appeal in action No. A055218, which involves the dissolution petition that Commissioner Shapiro dismissed under the five-year statute. In her notice of appeal in this action, Macfarlane states that she is appealing "from the judgment entered on September 5, 1991 ... which adjudges that Petitioner's Motion to Vacate the Judgment of Dismissal is denied." Lang contends that the denial of the motion to vacate is not appealable "in this instance because the § 583.310 CCP dismissal constituted a directly appealable final judgment and the period in which to perfect its appeal has expired. [Citations.]" Macfarlane contends that the denial of the motion to vacate is appealable because the order of dismissal was void. Alternatively, she asks us "to construe her notice [of appeal] to be from the original dismissal order...."
We need not determine whether, under the circumstances of this case, the order denying the motion to vacate is appealable because we grant Macfarlane's request to construe her notice of appeal as being from the order of dismissal. (1) An appellate court will liberally construe a notice of appeal in favor of its sufficiency so as to permit, if possible, a hearing on the merits. (Cal. Rules of Court, rule 1(a); Collins v. City & Co. of S.F. (1952) 112 Cal. App.2d 719, 722 [247 P.2d 362].) Applying this rule, the court in Holden v. California Emp. etc. Com. (1950) 101 Cal. App.2d 427, 429-431 [225 P.2d 634], construed a notice of appeal that designated an unappealable judgment as being from the underlying appealable order of dismissal. The court explained: "Where it is perfectly apparent ... that appellant seeks a review of an order of dismissal, and where ... the notice of appeal is filed in ample time from either the entry of the order or judgment, and where ... the notice of appeal is addressed to all respondents and to their attorneys so that no one is misled, and where ... no prejudice to respondents exists, the notice of appeal should be treated as being from the appealable order...." (Id., at p. 431.) Similarly, in Hohn v. Hohn (1964) 229 Cal. App.2d 336, 339 [40 Cal. Rptr. 125], the court construed a notice designating an unappealable order as an appeal from the subsequent judgment because the notice "seems to have been intended to reach whatever was appealable...." (See also *253 Luz v. Lopes (1960) 55 Cal.2d 54, 59-60 [10 Cal. Rptr. 161, 358 P.2d 289] [construing notice designating an unappealable order and all adverse orders and rulings as an appeal from the underlying order of dismissal]; In re Marriage of Barnes (1978) 83 Cal. App.3d 143, 148 [147 Cal. Rptr. 710] [construing notice designating unappealable order as from subsequent formal order].)
(2) We find it appropriate here to construe the notice of appeal, which designates the order denying the motion to vacate, as being from Commissioner Shapiro's April 10 order of dismissal. It is readily apparent that Macfarlane was seeking review of the dismissal. She filed the notice within the time required for an appeal from the April 10 order.[3] Finally, we perceive no prejudice to Lang in treating Macfarlane's notice as from the order of dismissal. (3) (See fn. 4.) Lang does not even argue to the contrary.[4] Accordingly, we will treat action No. A055218 as an appeal from the order of dismissal.

Partial Trial Satisfied the Five-year Statute
(4a) Turning to the merits of Macfarlane's appeal in action No. A055218, we agree that Commissioner Shapiro erred in dismissing the action under the five-year statute. Section 583.310 requires that an action be "brought to trial" within five years after a plaintiff commences it. This statute "only requires that the action be brought to trial within the five-year period, and places no limitation upon when the trial shall be completed." (Neil v. Gane (1932) 124 Cal. App. 51, 56 [12 P.2d 131], original italics *254 [former § 583].) Thus, once trial commences, the statute no longer applies, "even though the proceedings amount only to a partial hearing. [Citation.]" (Bella Vista Dev. Co. v. Superior Court (1963) 223 Cal. App.2d 603, 607 [36 Cal. Rptr. 106] [former § 583]; see also Berri v. Superior Court (1955) 43 Cal.2d 856, 861 [279 P.2d 8] ["partial trial of an action will take the case out of the operation" of the five-year statute].)
(5) Courts have given a variety of explanations for when an action has been "brought to trial" for purposes of the five-year statute. "A `trial' is the examination before a competent tribunal, according to the law of the land, of questions of fact or of law put in issue by pleadings, for the purpose of determining the rights of the parties. [Citations.]" (Adams v. Superior Court (1959) 52 Cal.2d 867, 870 [345 P.2d 466]; see also Berri v. Superior Court, supra, 43 Cal.2d at p. 859 [trial "is the determination of an issue of law or fact"].) Thus, an action has been brought to trial if there "is a trial of issues of fact with the purpose of determining the case on the merits." (Berri, supra, at p. 859.) In a nonjury case, the swearing of a single witness satisfies this requirement; in jury cases, the impaneling of the jury suffices. (Hartman v. Santamarina (1982) 30 Cal.3d 762, 765 [180 Cal. Rptr. 337, 639 P.2d 979, 32 A.L.R.4th 833].)
Applying these standards, the court in Patapoff v. City of Los Angeles (1959) 171 Cal. App.2d 635 [342 P.2d 428] found a partial trial for purposes of the five-year statute under circumstances analogous to those before us. In Patapoff, plaintiffs sued the City of Los Angeles for property damage and trespass. The trial court consolidated the case with a separate action by the Schworers involving the ownership of the same property at issue in plaintiffs' action. The trial court subsequently ordered that trial of plaintiffs' action follow trial of the Schworers' action, received evidence and testimony regarding the latter action, rendered a decision in it determining plaintiffs' interest in the property, and then declared a mistrial. (Id., at p. 639.) On these facts, the appellate court reversed a dismissal of plaintiffs' action under the five-year statute, finding that there had been a partial trial. It explained: "One of the issues to be proved in an action for trespass and damage to real property is the interest of the plaintiff in that property. Consequently, the determination in [the Schworers' action] of the extent of the interest of Patapoff in the real property involved in both actions constituted a partial trial of the instant action.... [Citations.]" (Id., at p. 644.)
(4b) The appeal before us presents an even more compelling case for finding a partial trial. Not only did the court grant a judgment of dissolution after the parties presented evidence, it received evidence, swore witnesses, and took testimony in determining the existence of a transmutation agreement and the validity of the quitclaim deeds, which were two of the major *255 issues relating to the property over which it had reserved jurisdiction. Moreover, these proceedings occurred in the same case that Commissioner Shapiro dismissed, not in a separate, consolidated case. We therefore find that there was a partial trial for purposes of the five-year statute and that Commissioner Shapiro erred in dismissing the first dissolution action.[5]
On appeal, other than referring us to the papers he filed before Commissioner Shapiro, Lang does not respond to Macfarlane's contention that partial trial of the dissolution action satisfies the five-year statute.[6] In his papers below, he argued that a trial under the five-year statute "must be one which proceeds for the purpose of a final disposition of all issues raised in the matter [citations]" and that "[t]he partial adjudication of severable issues" therefore does not constitute a trial within the meaning of section 583.310.
We find the authorities that Lang cited in support of his argument inapplicable to this case. In the cases Lang cited, courts held that an order after motion that determines only some of the legal issues in a case, such as an order granting partial summary adjudication or sustaining a demurrer with leave to amend, does not constitute a partial trial because it does not bring the case to the stage where it can be finally determined. (Lemaire, Faunce & Katznelson v. Cox (1985) 171 Cal. App.3d 297, 299-302 [217 Cal. Rptr. 281]; King v. State of California (1970) 11 Cal. App.3d 307, 310-312 [89 Cal. Rptr. 715].)[7] These decisions do no more than establish a distinction between such an order, which does not satisfy the five-year statute, and an order after motion that finally determines all of the issues in a case and therefore does satisfy the statute, such as an order granting summary judgment or sustaining a demurrer without leave to amend. (Lemaire, supra, at pp. 299-302; King, supra, at pp. 310-312.) These decisions do not even purport to alter the rule that a case is brought to trial in a nonjury case when the first witness is *256 sworn.[8] Therefore, they do not require a contrary result in this case, where there was a partial trial of factual issues involving the swearing of witnesses and the taking of evidence and testimony.
Nor do we find that Lakkees v. Superior Court (1990) 222 Cal. App.3d 531 [271 Cal. Rptr. 845] requires a contrary result. In Lakkees, the court opined that there is no partial trial of a dissolution action for purposes of the five-year statute where the trial court enters a bifurcated judgment terminating the parties' marital status. (Id., at pp. 537-538.) However, this discussion was dictum; the court had already found that there was no partial trial because one of the parties did not contest the status dissolution proceeding, nothing was controverted, and nothing had been put in issue by the pleadings. (Id., at pp. 536-537.) Thus, it was unnecessary for the court to determine whether, under different circumstances, a bifurcated judgment on marital status constitutes a partial trial. It was also dictum because the court found that the existence of a child support order tolled the running of the five-year statute, and plaintiff had obtained a trial date within the tolled period. (Id., at pp. 538-540.) Therefore, whether a partial trial rendered the five-year statute inapplicable was irrelevant. Finally, Lakkees is factually distinguishable from the case before us. (6) (See fn. 9.) Unlike in this case, in Lakkees, the action had not proceeded to trial of property issues over which the court had retained jurisdiction.[9] Moreover, it was petitioner in Lakkees *257 who moved for bifurcation; here it was Lang, the respondent in the dissolution action.[10] For all of these reasons, Lakkees does not control.
(4c) Finally, our conclusion is consistent with the policies that encourage parties in a dissolution action to bifurcate trial. (In re Marriage of Wolfe, supra, 173 Cal. App.3d at pp. 893-894.) The "most beneficial use" of bifurcation "is to help the parties by resolving a pivotal issue which has to be tried, with the expectation the parties will then be able to resolve all remaining disputed issues by agreement." (Id., at p. 894.) The determination of particular issues through bifurcation also may simplify or determine other issues.[11] (Ibid.) A ruling that, notwithstanding the partial trial of the issues, a dissolution proceeding was still vulnerable to the five-year statute would discourage the petitioner in a dissolution proceeding from agreeing to bifurcation, thus eliminating these potential benefits. It would also subvert the purpose of bifurcation  to assist expeditious resolution of cases  by enabling crafty respondents to use bifurcation as a trap for cooperative petitioners who agree to bifurcated trials in a good faith effort to resolve litigation. Thus, we find that the partial trial of issues in this case rendered the five-year statute inapplicable. Therefore, we reverse the order of dismissal in action No. A055218.

Action No. A055215 Is Moot
(7) Macfarlane states that, if we reverse Commissioner Shapiro's dismissal order, the dissolution action Macfarlane subsequently filed "will become unnecessary." We agree; our determination that Macfarlane may proceed with her original dissolution action moots the second dissolution *258 action. Therefore, her appeal in action No. A055215, which challenges Commissioner Grove's order in the second dissolution action granting the motion to quash, also is moot. To avoid creating confusion by simply dismissing the appeal and thereby allowing Commissioner Grove's order to stand,[12] we reverse "solely for the purpose of restoring the matter to the jurisdiction of the superior court, with directions to the court to dismiss the proceeding. [Citations.]" (Paul v. Milk Depots, Inc. (1964) 62 Cal.2d 129, 134-135 [41 Cal. Rptr. 468, 396 P.2d 924]; see also Callie v. Board of Supervisors (1969) 1 Cal. App.3d 13, 19 [81 Cal. Rptr. 440].)

Attorney Fees and Costs
In both appeals, Macfarlane asks that we remand for an award of attorney fees on appeal under Civil Code section 4370.[13] In both actions, Lang also requests an award of attorney fees and costs on appeal.
(8) To warrant an award of fees on appeal, four conditions must be met: (1) the requesting spouse must show a need for the award; (2) the paying spouse must have the ability to pay the fees; (3) the appeal must be taken in good faith; and (4) there must be reasonable grounds for the appeal in the sense that reasonable persons should believe that the contentions merit the appellate court's attention and resolution. (In re Marriage of Joseph (1990) 217 Cal. App.3d 1277, 1290 [266 Cal. Rptr. 548]; Hunter v. Hunter (1962) 202 Cal. App.2d 84, 92 [20 Cal. Rptr. 730].) Thus, parties may recover fees even if they do not prevail on appeal. (Joseph, supra, at p. 1290.) We find that, in each appeal, Macfarlane acted in good faith and that she had reasonable grounds for the appeal. We also find that Lang was justified in defending against Macfarlane's appeals. As to the other conditions, the trial court can better determine each party's need and ability to pay. Therefore, as to the requests for attorney fees, we remand to the superior court to determine if either party is entitled to an award of attorney fees and the amount of any award. (Id., at p. 1291; In re Marriage of Davis (1983) 141 Cal. App.3d 71, 78-79 [190 Cal. Rptr. 104].) Inasmuch as Macfarlane essentially obtained the relief she was seeking, we believe that she should recover in both actions her ordinary costs on appeal. (Cal. Rules of Court, rule 26(a); Bell v. Board of Supervisors (1976) 55 Cal. App.3d 629, 637 [127 Cal. Rptr. 757].)

*259 DISPOSITION
In action No. A055218, the order of dismissal is reversed. The trial court shall determine what award, if any, Macfarlane and/or Lang shall receive for attorney fees on appeal. In action No. A055215, the order granting the motion to quash is reversed with directions (1) to determine what award, if any, Macfarlane and/or Lang shall receive for attorney fees on appeal and (2) to dismiss the action. In both actions, Macfarlane shall recover her costs on appeal.
Merrill, Acting P.J., and Werdegar, J., concurred.
A petition for a rehearing was denied August 12, 1992, and respondent's petition for review by the Supreme Court was denied November 12, 1992.
NOTES
[1] We initially denied a motion to consolidate without prejudice to its reconsideration after briefing. We now grant the motion and consolidate the appeals.
[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.
[3] The record does not show that Lang or the court served Macfarlane with a notice of entry of this order. Therefore, the time for filing a notice of appeal from this order expired October 7, 1991, 180 days from April 10. (Cal. Rules of Court, rule 2(a).) Macfarlane filed her notice of appeal on October 1.
[4] Rather, Lang mistakenly argues only that the time for noticing an appeal from the dismissal order started running on February 13, the date of Commissioner Shapiro's minute order granting the motion to dismiss. Section 581d provides that "[a]ll dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action...." Thus, an unsigned minute order granting a motion to dismiss for failure to prosecute is not an appealable order. (Munoz v. Florentine Gardens (1991) 235 Cal. App.3d 1730, 1731 [1 Cal. Rptr.2d 609]; see also Rios v. Torvald Klaveness (1969) 2 Cal. App.3d 1077, 1079 [83 Cal. Rptr. 150] [minute order granting motion to dismiss under section 581a for failure to serve summons within three years is not appealable].) As Witkin clearly explains: "In 1963, C.C.P. 581d was amended to state that all dismissals ordered by the court must be in the form of a written order, signed and filed, and that such orders when filed shall constitute judgments. [Citations.] The amendment makes a minute entry ineffectual and nonappealable; no appeal can be taken except from the order signed and filed. [Citations.]" (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 75, p. 99, italics added.) Given these authorities, we find inexplicable Lang's citation of cases decided prior to 1963, his complete failure to mention section 581d, and his characterization of Macfarlane's argument as an "attempt to mislead the reader...."
[5] In continuing the motion to quash, Commissioner Grove reached a similar conclusion, stating: "I don't think a trial on the substantive issues means the last trial on the substantive issues. I think that the property under dispute here was one of the major issues that was a part of this trial. In fact, a trial was had, thereby another grounds [sic] by which I believe this matter could not have been dismissed and a decision dismissing it may have been void."
[6] Lang explains that he chose not to address this issue because it is "not properly the subject of this appellate matter...." As we have previously discussed, we disagree with him. His tactical decision not to address this issue on the assumption that we would agree with his procedural contentions regarding the scope of the appeal does not affect our decision to construe the appeal as being from the dismissal order. (See Call v. Alcan Pacific Co. (1967) 251 Cal. App.2d 442, 449 [59 Cal. Rptr. 763].)
[7] In Lemaire, the trial court granted a partial summary adjudication of issues. (Lemaire, Faunce & Katznelson v. Cox, supra, 171 Cal. App.3d at p. 299.) In King, the trial court granted partial summary judgment. (King v. State of California, supra, 11 Cal. App.3d at p. 310.)
[8] The King court stated generally that "[a] `trial' within the meaning of [former] section 583 is the determination of an issue of law or fact which brings the action to the stage where final disposition can be made. [Citations.]" (King v. State of California, supra, 11 Cal. App.3d at p. 310.) The court's reference to a determination of a factual issue is, of course, dictum, inasmuch as it was reviewing the effect of partial summary judgment, which involves the determination only of legal issues. Moreover, the authorities the court cited, Berri v. Superior Court, supra, 43 Cal.2d 856, and California Ammonia Co. v. Macco Corp. (1969) 270 Cal. App.2d 429 [75 Cal. Rptr. 753], do not support its statement as to the determination of factual, as opposed to legal, issues. In Berri, the Supreme Court reiterated that "a trial is a trial of issues of fact with the purpose of determining the case on the merits." (Berri, supra, at p. 859.) Only in connection with its discussion of a demurrer, which "calls for the determination of an issue of law only [citations]" (ibid.), did the court state that "[t]he essential thing is that the action be brought to a stage where final disposition is to be made of it." (Id., at pp. 859-860.) In California Ammonia, the court explained that a trial "`... is the examination before a competent tribunal, according to the law of the land, of questions of fact or of law put in issue by pleadings, for the purpose of determining the rights of the parties' [citations]," and held that the sustaining of a demurrer with leave to amend is not a partial trial because it does not result in a final determination of the action. (California Ammonia, supra, at p. 431.) Thus, both of these cases involve determination of legal issues on motion or demurrer, not of factual issues during a bifurcated trial where the court has sworn witnesses and taken evidence. The court in Lemaire, in similar dictum, simply adopted King's overbroad definition of a trial. (Lemaire, Faunce & Katznelson v. Cox, supra, 171 Cal. App.3d at p. 301.)
[9] "In a family law case bifurcation can have more than one meaning. `Bifurcation can mean only one trial, or it can mean two or more separate trials. When only one trial is required, it is continuous in nature, but segmented as to particular issues....' [Citation.]" (In re Marriage of Wolfe (1985) 173 Cal. App.3d 889, 894 [219 Cal. Rptr. 337].) As Macfarlane discovered when we dismissed as premature her appeal from the ruling on the validity of the quitclaim deeds, "a mere ruling on a bifurcated issue" such as the issues tried in this case is not immediately appealable absent trial court certification. (In re Marriage of Loya (1987) 189 Cal. App.3d 1636, 1638 [235 Cal. Rptr. 198] [validity of antenuptial agreement]; Civ. Code, § 4365; Cal. Rules of Court, rule 1269.5.)
[10] The identity of the party requesting bifurcation was of obvious importance to the Lakkees court. It concluded that "[w]here the petitioner in an action for dissolution specifically requests bifurcation so that the marriage may be dissolved immediately, it cannot be said that the case has been `brought to a stage where final disposition is to be made of it.'" (Lakkees v. Superior Court, supra, 222 Cal. App.3d at p. 538, italics added.) From the standpoint of the policies of the five-year statute, delay due to a petitioner's bifurcation request is different from delay due to a respondent's bifurcation request.
[11] Indeed, according to the uncontradicted declarations of Macfarlane's attorney, bifurcated trials on the existence of a transmutation agreement and the validity of the quitclaim deeds "were conducted based on [Lang's] representations that settlement of each issue would surely result in settlement of the case ..." and his counsel's representation "that the quitclaim issue would `go away' after a court ruling on the alleged transmutation agreement."
[12] The order states in part that Macfarlane "has no right ... to seek relief under the Family Law Act." This provision obviously conflicts with our reversal of the dismissal under the five-year statute.
[13] Although acknowledging that our reversal of Commissioner Shapiro's dismissal order moots her second dissolution petition, Macfarlane requests "that the trial court retain limited jurisdiction to award attorneys' fees and costs" relating to the second petition, including the appeal in action No. A055215.