Filed 2/4/15  Sanchez v. Sutter Medical Foundation CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ALEXANDRA SANCHEZ,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>SUTTER MEDICAL FOUNDATION et al.,<br><br>Defendants and Respondents. | C074947<br><br>(Super. Ct. No. 34201100102688CUPOGDS) |

Plaintiff Alexandra Sanchez sued defendant Mark I. Grijnsztein, M.D., alleging that he sexually assaulted and battered her during a medical examination. In the same complaint, she also sued defendants Sutter Medical Group (SMG), Sutter Medical Foundation (SMF), and Sutter Physicians Alliance for negligence. The trial court granted defendants' motions for summary judgment.

Sanchez now contends the trial court erred in granting the motion for summary judgment filed by Dr. Grijnsztein, SMG and SMF. But because she filed her notice of appeal more than 60 days after the notice of entry of judgment was served on her, we will dismiss the appeal as untimely.

1

## BACKGROUND

Sanchez, a part-time phlebotomist, saw Dr. Grijnsztein, an allergist, because she was having difficulty tolerating gloves on her hands. Dr. Grijnsztein recommended a blood test to determine latex allergies and patch and skin prick testing to determine sensitivity to rubber products.

Sanchez returned to Dr. Grijnsztein's office to undergo the recommended testing. Dr. Grijnsztein saw Sanchez in Exam Room 7 and spoke with her about the tests. Sanchez refused the tests and Dr. Grijnsztein left the room. Thereafter, Sanchez informed staff members she had changed her mind, but when Dr. Grijnsztein returned to the exam room to perform the tests, Sanchez again refused and Dr. Grijnsztein again left the room. More than a month later, Sanchez returned to Dr. Grijnsztein's office and Dr. Grijnsztein completed the skin prick test.

More than a year after the testing, Sanchez sued Dr. Grijnsztein for assault, battery and intentional infliction of emotional distress. She also sued SMG, SMF and Sutter Physicians Alliance for negligence.

Sutter Physicians Alliance filed a motion for summary judgment. Sanchez did not file an opposition, but instead filed an ex parte application seeking a continuance of the summary judgment hearing so that she could file an opposition. The trial court denied the ex parte request for a continuance and ultimately granted the summary judgment motion brought by Sutter Physicians Alliance. Sutter Physicians Alliance was dismissed from the action and is not a party to this appeal.

Later, Dr. Grijnsztein, SMG and SMF filed their own motion for summary judgment. Sanchez, representing herself by that point, did not file an opposition. When the trial court issued a tentative ruling granting summary judgment, Sanchez requested a hearing. At the hearing, the trial court admonished Sanchez for failing to file an opposition, but continued the hearing so that she could do so. Once again Sanchez did

2

not file an opposition. The trial court issued another tentative ruling granting summary judgment, and Sanchez once again requested a hearing.

At the continued hearing, Sanchez informed the trial court that she had filed her opposition the previous afternoon. The trial court told Sanchez that was too late. The trial court stated: "Your opposition was due nine court days ago . . . . You can't file it the day before the hearing. Counsel has to have a proper opportunity to reply to it. You don't -- I gave you two months literally to comply with the rules. You didn't. I issued a tentative ruling at 2:00 [p.m.] yesterday afternoon. How could I make a ruling in advance of the hearing after -- you know, if you're going to file your opposition after the ruling comes out?" The trial court continued: "I understand you're not a lawyer but I explained all of this to you last May. You need to have filed that opposition quite some time ago so the other side gets a chance to reply to it and I get a chance to look at it, which I have not even received it, and you can't file an opposition after the Court's made a ruling. I made my tentative ruling yesterday afternoon in accordance with the Rules of Court. You have not complied with any of the Rules of Court. You did not comply the last time. You know, I'm sorry, it's -- you know, I have given you great latitude. If you're a lawyer, you would have lost in May. You know this is totally unacceptable. You can't do it this way. I can't consider your opposition at this point. I haven't seen it. I don't know what you expect me to do." When the trial court asked Sanchez about her failure to file a timely opposition, Sanchez responded, "From what I understood, Your Honor, is that the person who was helping me fill out the paperwork I thought I still had time." The trial court replied, "Whoever it was did not give you proper guidance or advice, but I can assure you it's not on time."

The trial court affirmed its tentative ruling granting defendants' motion for summary judgment. On July 15, 2013, the trial court issued an order granting the motion for summary judgment, and executed a judgment dismissing the complaint with prejudice. Grijnsztein, SMG and SMF filed a notice of entry of order and a notice of

3

entry of judgment on July 17, 2013, and served Sanchez with copies of those documents that same day.

Sanchez filed a motion for reconsideration, which the trial court denied based on procedural defects and lack of jurisdiction, among other things.

On October 8, 2013, Sanchez filed her notice of appeal from the judgment.

DISCUSSION

Sanchez contends the court erred when it granted the motion for summary judgment filed by Dr. Grijnsztein, SMG and SMF. She claims the motion should not have been granted before she had an opportunity to present evidence of triable issues of material fact.

Because an order granting a motion for summary judgment is a preliminary nonappealable order, "appeal must be taken from the final judgment ultimately entered in the case." (*King v. State of California* (1970) 11 Cal.App.3d 307, 310; see also *Schulze v. Schulze* (1953) 121 Cal.App.2d 75, 83 [judgment entered on order granting motion for summary judgment is appealable]; Code Civ. Proc., § 437c.) Rule 8.104 of the California Rules of Court[1] provides that, "[u]nless a statute, rule 8.108, or rule 8.702 provides otherwise, a notice of appeal must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment." (Rule 8.104(a).)

"Except as provided in rule 8.66, no court may extend the time to file a notice of

---

[1] Undesignated rule references are to the California Rules of Court.

4

appeal.  If a notice of appeal is filed late, the reviewing court must dismiss the appeal."
(Rule 8.104(b).)

Here, Sanchez did not file a timely notice of appeal.  The trial court affirmed its
tentative ruling granting the summary judgment motion on July 12, 2013.  The trial
court executed both the order granting the motion and the judgment of dismissal on
July 15, 2013.  Notice of entry of the order and notice of entry of judgment were both
filed and served on Sanchez on July 17, 2013.

Pursuant to rule 8.104(a)(1)(B), Sanchez had 60 days from July 17, 2013, to file
her notice of appeal, that is, by September 16, 2013.  The filing of her motion for
reconsideration did not extend the deadline.  (*Ramon v. Aero. Corp.* (1996)
50 Cal.App.4th 1233, 1237 ["After entry of judgment, . . . the trial court loses its power
to rule on a reconsideration motion.  Such an invalid motion cannot extend the . . . time
period within which to file a notice of appeal"].)  Sanchez's failure to file her notice of
appeal until October 8, 2013, divests this court of jurisdiction to consider her appeal.
(*Van Beurden Ins. Servs., Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997)
15 Cal.4th 51, 56 ["The time for appealing a judgment is jurisdictional; once the deadline
expires, the appellate court has no power to entertain the appeal"].)

DISPOSITION

The appeal is dismissed.  Respondents shall recover their costs on appeal.
(Rule 8.278(a)(2).)

                                          MAURO          , Acting P. J.


We concur:


        MURRAY          , J.


        HOCH           , J.

5